UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| David Burris, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Midland Credit Management, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendant. | : |

For this Complaint, the Plaintiff, David Burris, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Hampshire.

## PARTIES

4. The Plaintiff, David Burris ("Plaintiff"), is an adult individual residing in Nashua, New Hampshire, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Midland Credit Management, Inc. ("Midland"), is a Kansas business entity with an address of 8875 Aero Drive, San Diego, California, 92123, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Midland and

whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Midland at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Midland for collection, or Midland was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Midland Engages in Harassment and Abusive Tactics**

## FACTS

12. Midland has, on a daily basis, placed three (3) calls a day to Plaintiff in an attempt to collect the Debt.

13. Plaintiff has explained to Midland that he is handicapped and cannot currently afford to pay the Debt.

14. Plaintiff requested that Midland cease placing calls to him because he cannot currently afford to pay the Debt.

15. Midland has continued to place calls to Plaintiff despite his request.

16. Midland has failed to include the "mini-Miranda warning" when speaking with Plaintiff.

17. Midland told the plaintiff that he should get a job after he told them that he is disabled.

18. Despite telling that you can't work and that you can't pay them they would call again later the same day.

19. The defendant called the plaintiff on Easter Sunday.

### C. Plaintiff Suffered Actual Damages

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF NEW HAMPSHIRE'S UNFAIR, DECEPTIVE OR UNREASONABLE COLLECTION PRACTICES ACT, 358-C, et seq.

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set herein at length.

30. The Debt arose from a credit transaction for family, household or personal purposes and meets the definition of a "consumer credit transaction" under RSA 358-C:1, II.

31. The Plaintiff is a "consumer" under RSA 358-C:1, I.

32. The Defendants are "debt collector[s]" as defined by RSA 358-C:1, VIII.

33. The Defendants' conduct violated RSA 358-C:3 (I)(a) in that Defendants caused the Plaintiff's phone to ring repeatedly and engaged the Plaintiff in telephone conversations at unusual or inconvenient times with the intent to abuse, oppress or harass.

34. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the RSA 358-C, including every one of the above-cited provisions.

35. The Plaintiff is entitled to damages as a result of Defendants' violations.

36. Pursuant to RSA 358-C:4, the Plaintiff is entitled to statutory damages in the

amount of $200 for each violation of RSA-C:3, and reasonable attorney's fees and cost.

## COUNT III
## VIOLATIONS OF NEW HAMPSHIRE'S REGULATIONS OF BUSINESS PRACTICES FOR CONSUMER PROTECTION ACT, 358-A:10, et seq.

37.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

38.     RSA 358-C:4, VI provides that violations of New Hampshire's Unfair Collection Practices Act, RSA 358-C, et seq., constitute an unfair and deceptive act or practice under RSA 358-A:2.

39.     The above violations of RSA 358-C are each violations of RSA 358-A:2.

40.     Therefore, pursuant to RSA 358-A:10, the Plaintiff is entitled to statutory damages of at least $1,000 and as much as $3,000, plus costs for each violation for RSA 358-C.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), RSA 358-C:4 and RSA 358-A:10;

4. Statutory damages pursuant to RSA 358-C:4;

5. Statutory damages pursuant to RSA 358-A:10;

6. Punitive damages; and

7. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 16, 2011

                                    Respectfully submitted,

                                    By ___/s/ James D. Kelly_____

                                    James D. Kelly, Esq. (BNH 16177)
                                    Getman, Schulthess & Steere
                                    3 Executive Park Drive, Suite 9
                                    Bedford, NH 03110
                                    (603) 634-4300

                                    **Of Counsel to**
                                    Lemberg & Associates, LLC
                                    1100 Summer Street
                                    Stamford, CT 06905
                                    (203) 653-2250